The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### TEXAS EMPLOYERS' INS. ASS'N v. MOORE.
#### No. 1186.

Court of Civil Appeals of Texas. Waco.
Dec. 29, 1932.

Rehearing Denied Feb. 9, 1933.

Witt, Terrell & Witt, of Waco, and Jas. P. Swift, of Dallas, for appellant.

Bryan & Maxwell, of Waco, for appellee.

ALEXANDER, J.

This suit was brought in the district court of McLennan county under the Workmen's Compensation Act of this state (Vernon's Ann. Civ. St. art. 8306 et seq.) to recover the benefits allowed by such act for the death of Robert Moore, an employee who was accidentally killed at Greenville, Miss., while in the discharge of his duties at that place as a laborer for Pittsburgh-Des Moines Steel Company. Our Workmen's Compensation Act provides, in part, as follows: "If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas. * * *". Revised Statutes, art. 8306, § 19, as amended in 1931 (Vernon's Ann. Civ. St. art. 8306, § 19).

The sole. question to be determined is whether or not the action can be maintained in Texas, and this depends on whether or not the contract of hire was made in Texas. The jury, in answer to special issues, found that the contract was entered into in Texas, and judgment was entered for the plaintiff. The insurance company appealed.

The Pittsburgh-Des Moines Steel Company is a copartnership, with its home office at Des Moines, Iowa. At the time in question, it was engaged in the business of manufacturing and erecting elevated steel tanks and towers throughout the United States. Robert Moore, the employee, was about 18 years of age and lived in Waco, Tex. During December, 1928, and the early part of 1929, he worked for said employer at 50 cents per hour on several jobs at various places in Texas. He had no definite contract of employment. When the company received an order to erect a tank in Texas, one of its foremen would be given instructions to do the work. Such foreman had the authority and it was his duty to employ the necessary help to do the work. He would usually take with him the experienced help that had been used by him on the previous job. Sometimes an experienced employee would be sent from one foreman to another. In this way Robert Moore worked for the company fairly regularly until May 15, 1929, at which time he became ill and had to quit work. Thereafter on June 14, 1929, he wrote the company at Des Moines, Iowa, as follows:

"Waco, Texas, June 14, 1929.
"Pittsburgh-Des Moines Steel Co. Ninth & Tuttle Streets, Des Moines, Iowa.
"Dear Mr. Allen, Your letter of May the 16th received.
"I have been unable to work since the company was at Hamlin, Texas. I was forced to leave my job because of illness, but think I am well and strong now.
"Would like to start back to work again with the company, nearest to Waco, if there is an opening for me.
"I enjoyed working under Mr. Redd Arnold. I also understand that the boys I was with at Hamlin have gone to Arkansas, and I would not mind going to Arkansas, if I could get a place with them.
"Kindly let me hear from you, and anything you can do for me will surely be appreciated.
"Yours truly,
"Robert Moore."

On June 17, 1929, the company replied as follows:

"Des Moines, Iowa, June 17, 1929.
"Mr. Robert Moore, Rt. 3, Box 141, Waco, Texas.
"Dear Sir:—We have your letter of the 14th asking to return to work.
"We will keep your letter on file and as soon as we can find an opening for you we will try to place you.
"Yours very truly,
"Pittsburgh-Des Moines Steel Company,
"H. L. Allen."

On August 9, 1929, Robert Moore wrote the company as follows:

"Waco, Texas, Aug. 9, 1929.
"Mr. H. L. Allen, Ninth & Tuttle Sts., Des Moines, Iowa.
"Dear Mr. Allen, Your letter of June 17th, 1929, received.
"Appreciate your kindness in keeping my letter on your file, but am in need of work and would be glad to get work as soon as possible.
"Will surely thank you for any consideration or influence you may do for me.
"Thanking you for your kindness.
"Yours truly,
"Robert Moore."

On August 19, 1929, the company wrote Robert Moore, as follows:

"Des Moines, Iowa, Aug. 19, 1929.
"Mr. Robert Moore, Rt. 3, Box 141, Waco, Texas.
"Dear Sir: We now have work to offer you providing you can report at once to Foreman J. C. Hardcastle at Greenville, Miss. at the plant of the Greenville Compress Company. If you are at liberty please report to him immediately as everything is ready to proceed with the work.
"If you cannot go immediately, please let us know so we will not depend upon you.
"Yours very truly,
"Pittsburgh-Des Moines Steel Company,
"H. L. Allen."

Immediately upon receipt of this letter, Robert Moore's mother sent the following telegram:

"Mr. J. C. Hardcastle, Greenville, Mississippi.
"Reporting to you at once for work under Mr. H. L. Allen's orders. Leaving Waco Friday.
"[Signed]  Robert Moore."

On the next day Robert Moore at his own expense proceeded to Greenville, Miss., and went to work for the company. It does not appear that he was on the pay roll of the company while en route to Mississippi. J. C. Hardcastle, foreman on the job at Greenville, Miss., testified that he had authority to hire and discharge the men working under him; that men were sent to him on approval; that he made the arrangements with such employees as to the number of hours they were to work and the amount to be paid them; and that he made such arrangements with Robert Moore. He agreed to pay Robert Moore 60 cents per hour.

It is appellant's contention that there was no evidence to support the finding of the jury that the contract of hire was made in Texas and that the court should have given an instructed verdict for the appellant.

■ The evidence in this case is undisputed, and it was therefore a question of law for the court and not a question of fact for the jury to determine whether or not the contract of hire was made in Texas. The evidence shows conclusively that Robert Moore did not have any definite continuous contract of employment with the company while he was working for it in Texas, and his letter of June 14th establishes conclusively that whatever arrangements he had terminated when he became ill on May 15, 1929. If a new contract of employment was made with him in Texas after he recovered from his illness, it was by virtue of the letter of date August 19, 1929, and the telegram above set out, and the fact that he started to Greenville, Miss., immediately upon receipt of said letter.

■■ We do not believe that the letter of date August 19th contained such an offer as could have been accepted and a contract of hire between the company and the employee thereby created. The letter did not offer to employ Robert Moore provided he would go to Greenville or agree to go to Greenville, nor if he would wire the foreman there, but merely represented that the company had work to offer the employee if he could report to the foreman at Greenville, Miss. It in effect represented or offered that, if the employee would report or present himself at the Greenville Compress in Greenville, Miss., the company would then offer him work. Whether or not the parties would be able to agree on the terms of such employment when the employee did so present himself, was left open for future negotiations. The proposition as presented by the company stipulated neither the character of the services to be performed nor the compensation to be paid therefor. In order to constitute the basis of a contract, an offer must be so definite in its terms or require such definite terms in the acceptance that the promises or performances to be rendered by each party are reasonably certain. Restatement of the Law of Contracts, § 32; 10 Tex. Jur. 175, § 101; 13 C. J. 289, § 100. From the testimony of Mr. Hardcastle, the foreman, it appears that he had the authority to determine the terms of the employment, including the price to be paid, and it was evidently contemplated that, upon the employee's presenting himself for work, he and the foreman would undertake to agree on the class of work to be performed and the price to be paid therefor. It appears that the foreman did actually enter into an agreement with Robert Moore when he presented himself for work, and that the foreman agreed to pay him 10 cents per hour more than he had previously received in Texas. The company's letter of August 19th and Robert Moore's telegram and the other correspondence constituted mere preliminary negotiations by which it was intended to bring Robert Moore and the company's foreman together in order that they might thereafter make a contract. Restatement of the Law of Contracts, § 25; 10 Tex. Jur. 31. If this theory be accepted, then clearly no contract of hire was made in Texas.

■ However, if it be conceded that the parties, from previous experience, understood the terms and conditions under which the employee was to work and that the letter contained such an offer as, when accepted, became a binding contract of hire, we do not believe that such offer was capable of being accepted in Texas. A party in making an offer has a right to stipulate the time, place, and the mode of its acceptance, and, when the offer does so stipulate, it cannot be accepted at any other place or in any other manner. Restatement of the Law of Contracts, §§ 59

and 61; 13 C. J. 279. Where the offer is one which is to be accepted by an act, there must be a performance or a tender of performance at least in part of what is requested. Restatement of the Law of Contracts, § 52; Page on Contracts (2d Ed.) § 191. A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done. Restatement of the Law of Contracts, § 74; 13 C. J. 580, § 581; 10 Tex. Jur. 338; Fidelity Mutual Life Ass'n v. Harris, 94 Tex. 25, 57 S. W. 635, at bottom page 638, 86 Am. St. Rep. 813. How and where was the offer, if any, as contained in the company's letter, to be accepted? It was not an offer which was to become binding as a contract upon the giving of a promise for a promise. It was an offer which called for an acceptance by an overt act on the part of the employee. The employee was to accept the offer by reporting to the foreman at Greenville, Miss., at the plant of the Greenville Compress Company. The fact that the letter mentioned the specific location in Greenville at which the employee was to report, and referred to his going immediately, makes it clear that the employee was to appear in person at that location and not merely report by wire. This was the place where the work was to be performed, and the acceptance of the offer was not completed until the employee presented himself in person to the foreman at the compress in Greenville. Since the act necessary to constitute an acceptance was required to be performed or tendered in the state of Mississippi, the contract of employment was necessarily made in that state. The contract of hire, therefore, was not made in Texas, but was made in Greenville, Miss., at the place where the final act necessary to an acceptance took place, and the action cannot be maintained under the Workmen's Compensation Law of this state.

The judgment of the trial court is reversed, and judgment here rendered that the plaintiff take nothing.