## STOCK v. KAISER.

No. 1742.

Court of Civil Appeals of Texas. Waco.

April 2, 1936.

E. M. Dodson, of Marlin, for appellant.

C. R. Glass and Robt. D. Peterson, both of Marlin, for appellee.

ALEXANDER, Justice.

In 1922 August Stock conveyed to Gerhard Kaiser fifty acres of land in Falls county, in consideration of which it was agreed that the grantee would furnish to the grantor a home and other necessities suitable to his station for the remainder of his natural life. It was further agreed that, in the event of a disagreement between the parties, the district judge of Falls county should fix the amount to be paid by grantee to grantor in lieu of the obligations so assumed by the grantee, and that the payment of the amount so fixed by the district judge should be secured by a lien on said land. In 1923 a disagreement arose, and, as a result, the grantor left grantee's home, and the district judge, with the consent of the parties, fixed the amount to be paid by grantee to grantor

at $40 per month. These payments were kept up until March 1, 1932, but no payments were made after that date. The grantor returned to grantee's home on August 13, 1932, where he has resided since that time. The grantor contends that at the time he returned to grantee's home it was agreed that grantee would furnish him with room and board and certain other necessities at $25 per month and would pay him the balance of $15 per month in cash. The grantee contends that grantor returned with the understanding that grantee was to provide him with room and board and certain other necessaries in lieu of the obligation to pay $40 per month as fixed by the district judge. The grantor sued to recover the unpaid installments of $40 per month for the months of April, May, June, July, and August, 1932, and the sum of $15 per month alleged to be due under the new agreement from August, 1932, to the date of the trial. The jury, in answer to certain special issues, found in favor of the defendant, and, as a result, judgment was entered denying plaintiff any recovery. Plaintiff appealed.

■ Only two issues were submitted to the jury. In answer to the first issue, the jury found that it was not agreed, as contended by appellant, that appellant, upon his return to appellee's home in August, 1932, was to receive his room, board, washing, and ironing and $15 in cash per month in lieu of the payments of $40 per month as fixed by the district judge. Appellant contends that the agreement alleged by him was conclusively established by the evidence, and that the court should have instructed the jury to return a verdict in his behalf. There is evidence that appellee wrote appellant in 1929, in substance, that, if he would return to appellee's home, appellee would furnish him room, board, washing, and ironing, and would pay him $15 per month in cash in lieu of the then existing obligation to pay him $40 per month. This same offer was renewed by letter of date May 12, 1930, and again by letter dated January 18, 1932, but it does not conclusively appear that appellant's return to appellee's home was in response to either of these letters. Appellee and his wife wrote appellant another letter on March 5, 1932. This letter was not introduced in evidence, but appellee testified in this connection as follows: "In March I wrote him that letter and told him he need not look for any money on the first of April because I was out of

a job and did not know whether I would get one; because jobs were awfully scarce then; that as long as I had a piece of bread or anything to eat he was welcome to it and the best thing for him to do was to come on home. * * * And he did come on, loaded up and moved in."

Appellee's wife testified: "I wrote and told him Mr. Kaiser was out of work and we could not pay him any more money and that he should come back and live with us; that we would give him a room like always and as long as we had a piece of bread to eat, why half of it was his."

Appellant testified that appellee wrote him that he was out of a job and could not pay him any more money, and for him to come on home and live with appellee like he had lived before, and that appellant returned to appellee's home on that proposition. This evidence was sufficient to raise an issue of fact for the jury, and the court did not err in refusing an instructed verdict in appellant's behalf with reference to the above issue.

■ Special issue No. 2 as submitted to the jury was as follows: "Do you find from a preponderance of the evidence that it was mutually agreed by and between plaintiff and defendant, at or prior to the time plaintiff returned to the home of defendant on August 13, 1932, that defendant should pay to plaintiff no more money, and that plaintiff should live with the defendant and receive his board, lodging and necessities in lieu of the $40.00 per month due and to become due under the contract between plaintiff and defendant?" To which the jury answered: "Yes."

Upon the jury's answer to the above issue, the court rendered judgment for appellee, and thereby denied appellant any recovery, not only for the installments of $15 per month claimed by appellant to be due each month after his return to appellee's home on August 13, 1932, under his version of the new agreement, but also denied recovery for the installments for the months of April, May, June, July, and August, 1932, at $40 per month that had accrued under the old agreement prior to appellant's return to appellee's home. The appellant requested the court to instruct the jury to return a verdict in his behalf for the installments that accrued under the old agreement prior to his return to appellee's home, and objected to the charge because it submitted to the jury in one issue, not only the question as to whether

appellant returned with the understanding that he was to receive his room, board, washing, and ironing in lieu of $40 per month as provided in the previous agreement, but also the question as to whether appellant thereby agreed to release appellee from payment of the installments that accrued prior to acceptance of the new offer. We think appellant's objection to the above issue should have been sustained. The evidence most favorable to appellee's contention as to the terms of the new agreement is set out above. The new agreement as established by that evidence does not purport to release appellee from his obligation to pay the installments that had accrued under the old agreement prior to appellant's acceptance of the new offer. Appellant accepted the new offer by returning to appellee's home on August 13, 1932, and the new agreement became effective as of that date. Texas Employers' Ins. Ass'n v. Moore (Tex.Civ.App.) 56 S.W.(2d) 652, par. 7. It affected a release of all installments to accrue under the old agreement in the future, but it did not purport to be a waiver of payment of those installments that had accrued and were unpaid at the time of the making of the new agreement. It is undisputed that appellee was in arrears in his payments under the old agreement for five months at $40 per month at the time the new agreement became effective.

Because of the error above pointed out, the judgment of the trial court is reversed and the cause remanded for a new trial.