**ATHENIAN REALTY CORPORATION,**
a Texas corporation,

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY,** a Missouri corporation, et al.

**Civ. A. No. 3-63-284.**

United States District Court
N. D. Texas,
Dallas Division.
March 27, 1964.

**538**

---

Jarrell Garonzik, Dallas, Tex., for plaintiff.

Gossett, Hand & Debois, by James H. Hand, Dallas, Tex., for defendant Southwestern Bell Tel. Co.

Strasburger, Price, Kelton, Miller & Martin, by Henry Strasburger, Dallas, Tex., for defendant A. T. & T. Co.

ESTES, Chief Judge.

The above captioned cause having come on for trial before the Court on March 23, 1964, and the Court having heard and considered the evidence and stipulations of the parties, makes and files the following findings of fact and conclusions of law:

*Findings of Fact*

1. Plaintiff is a citizen of a different state from the states of residence of all the defendants.

2. The amount in controversy involves over $10,000.00.

3. The defendant Southwestern Bell Telephone Company is a wholly owned subsidiary of defendant, American Telephone and Telegraph Company; each defendant is a long distance company operating in the State of Texas and has the rights conferred by Articles 1416 and 1420 of the Revised Vernon's Ann.Civil Statutes of the State of Texas.

4. The City of Dallas, by an ordinance passed on February 20, 1918, granted to J. C. Casler and E. D. Nims, their legal representatives and assigns, for a term of eighteen (18) years, "the right, privilege and franchise to have, acquire, construct, reconstruct, maintain, use and operate * * * a local telephone exchange system * * * and to have, acquire, construct, reconstruct, maintain, use and operate, in, over, under, along and across the present and future streets * * * of the City all necessary or desirable poles, wires,° cables, underground conduits, manholes

and other structures and appurtenances in connection with such telephone system * * *." Said franchise provided not only that local but that long distance service must be provided for the citizens of Dallas, Texas; and said franchise was transferred and assigned to defendant, Southwestern Bell Telephone Company, on November 18, 1925. City Ordinance No. 2788 passed April 3, 1936 granted to Southwestern Bell Telephone Company a franchise for a term of 18 years which franchise included the language quoted herein.

5. In 1929 the Defendants installed a 9-duct conduit under and along Floyd Street in Dallas, Texas, including the portion of the former Floyd Street described in the Complaint. At the time of the initial installation, all of Floyd Street, including such portion, was in use and was operated and maintained by the City of Dallas as a public street. In 1930, Southwestern Bell Telephone Company installed the first cable in the conduit under Floyd Street. Additional cables have been installed and at this time there are a total of 6, all of which are used to service long distance calls.

6. Each of the defendants owns an undivided interest in the conduit, cables and other facilities under Floyd Street, and the operation and maintenance of such facilities was provided for by agreements executed between the defendants on October 20, 1931 and January 15, 1947.

7. On or about September 21, 1931, the owners of lots abutting on the portion of Floyd Street between Good Street and Hawkins Street, petitioned the City of Dallas to vacate and abandon such portion of Floyd Street and to quit-claim such portion of Floyd Street together with the triangular remnant of and fronting on Pacific Avenue to such lot owners for and in consideration of the payment by each such lot owner of that portion of the paving assessment for Pacific Avenue chargeable to the new frontage on Pacific Avenue. On January 23, 1935, the City of Dallas passed Ordinance No. 2696 providing for the aban-

donment as a public street of that portion of Floyd Street as requested by said lot owners' petition. On November 8, 1935, the City of Dallas passed Ordinance No. 2753 authorizing the City Manager to execute quit-claim deeds, for the consideration offered, to the said lot owners abutting on the portion of Floyd Street which was abandoned; such Ordinance provided in Section 3 as follows:

> "That in the quitclaim deeds herein provided for, proper reservation shall be made for an easement in favor of the Southwestern Bell Telephone Company for its cable and other facilities now in that portion of Floyd Street heretofore abandoned, the conveyance of which is hereunder authorized to the respective grantees hereinabove named."

In accordance with such ordinance, the City of Dallas executed quit-claim deeds, both dated August 31, 1936, to plaintiff's predecessors in title, Dr. W. E. Crow, covering Lots 10 and 11, and R. E. L. Saner and John C. Saner, covering Lot 9, both in Block 279 of the City of Dallas, together with an adjoining portion of a triangular tract of land in Block 280, both of said deeds containing the following provision:

> . " * * * subject however to an easement which is hereby specifically reserved in favor of the Southwestern Bell Telephone Company, its successors, assigns and agents, to maintain its existing facilities on or under the tract of land hereby conveyed."

At the time of passage of the aforementioned Ordinances and the execution of said quit-claim deeds, the City of Dallas was the owner of the fee simple title to the portion of Floyd Street adjoining the land covered by such quit-claim deeds. On December 18, 1936, the City of Dallas passed Ordinance No. 2846 declaring the effectiveness of the abandonment of the aforementioned portion of Floyd Street. By deeds, both dated April 24, 1947, the Crow property and the Saner property was conveyed to Fred Buchanan, Trustee. These deeds were filed for record in the Deed Records of Dallas County, Texas, on May 2, 1947. The Crow deed contained the following provision:

> "This conveyance is expressly made subject to the aforesaid reservations by the City of Dallas in the aforesaid deeds to Dr. W. E. Crow, and to any easement owned by the Southwestern Bell Telephone Co., a Missouri corporation, or by American Tel. & Tel. Co., on any of said property herein conveyed."

The Saner deed contained the following provision:

> " * * * subject to an easement of record granted by City to American T & T Company, or its assigns."

8. Under date of April 30, 1947, Fred Buchanan, Trustee, as owner of the land in question, and Southwestern Bell Telephone Company, as owner of the facilities under such land, entered into an agreement which was filed for record in the Deed Records of Dallas County, Texas, on May 20, 1947, and among other things, the agreement recited, in part, the following:

> "WHEREAS, the said Fred Buchanan, Trustee, now contemplates the construction of a one-story brick building over and above said Lots 9, 10 and 11 and over the hereinbefore mentioned portion of Floyd Street, and making such a use of said Lots 9, 10 and 11 and said portion of Floyd Street which may interfere with the underground structure of Telephone Company, and has requested that Telephone Company consent and agree to the construction of said brick building by the said Fred Buchanan, Trustee; * * *

> "1. That the said Fred Buchanan, Trustee, may construct a one-story brick building over Lots 9, 10 and 11 of said Block 279 and that portion of Floyd Street, acquired by a former owner thereof, Dr. W. E. Crow, John C. Saner and R. E. L. Saner, from the City of Dallas, * * * It is expressly agreed and

understood that in the erection of said building or in the excavation of the foundation therefor, the said Fred Buchanan, Trustee, binds and obligates himself to so construct the foundation, floor and piers, so as to avoid a conflict or interference with the said underground structure of Telephone Company; and it is further agreed and understood that the said building shall be so constructed to permit Telephone Company to have full rights of ingress and egress in and to said building and thence to its manhole, which said rights of ingress and egress shall include the passage of its trucks, machinery and material, to said manholes for the proper maintenance or addition to all of its structures hereinbefore fully described.

\* \* \*

"2. It is distinctly understood and agreed that the execution of this agreement shall not be held in anywise to limit, restrict or impair the rights of the Telephone Company, either now or at any future time, in the use and occupancy of that portion of Floyd Street now and heretofore occupied by it for the construction, reconstruction, maintenance and operation of its telephone and telegraph lines of conduits, cable, equipment and fixtures, or in the increase or other change in its cables, conduits, fixtures and equipment to any extent it deems necessary or proper in the conduct of its business and its right of entry and exit from said property for all said purposes as hereby recognized and confirmed.

"3. It is expressly agreed and understood by the parties hereto that in the event any structure of Telephone Company is damaged to any extent by the construction or maintenance of said building then Fred Buchanan, Trustee, shall be liable to Telephone Company for any and all damages in said connection and shall pay to Telephone Company all costs of repairing said damages, and shall promptly pay for the same after said repairs have been completed by Telephone Company.

\* \* \* \* \* \*

"This agreement shall be binding upon the said Fred Buchanan, Trustee, his heirs, executors, administrators, assigns and beneficiaries, and this said agreement shall be binding upon Southwestern Bell Telephone Company, its successors and assigns."

9. No building has been constructed on the land involved either under the foregoing agreement or otherwise.

10. By deed dated April 30, 1947, Fred Buchanan, Trustee, conveyed Lot 9 to the Dallas Nash Company, which deed was filed for record on November 17, 1947 in the Deed Records of Dallas County, Texas, which said deed contained the following provision:

" \* \* \* subject to an easement of record granted by City to American T. & T. Company, or its assigns."

And by deed dated September 17, 1947, Fred Buchanan, Trustee, conveyed the remainder of the land in question to the Dallas Nash Company, which deed was filed in the Deed Records of Dallas County, Texas, on December 4, 1947, which said deed contained the following provisions:

"This conveyance is expressly made subject to the aforesaid reservations by the City of Dallas in the aforesaid deeds to Dr. W. E. Crow, and to any easement owned by the Southwestern Bell Telephone Co., a Missouri corporation, or by American Tel. & Tel. Co., on any of said property herein conveyed. \* \* \* It is expressly agreed and provided that this warranty does not cover or warrant against the above referred to easement reserved by the City of Dallas, and/or any easement in favor of the Southwestern Bell Telephone Co., or American Tel. & Tel. Co. in or on the land conveyed herein."

On December 20, 1948, Dallas Nash Company conveyed to S. H. Lynch Realty Company all of the land described in Plaintiff's Complaint, which was filed for record on December 21, 1948, in the Deed Records of Dallas County, Texas, which deed contained the following provision:

" * * * subject to easement in favor of S. W. Bell Telephone Co., or American Telegraph & Telephone Co., in or on said land."

By deed dated December 15, 1949, S. H. Lynch Realty Company conveyed to A. L. Ingalls all of the land described in Plaintiff's Complaint, which deed was filed for record in the Deed Records of Dallas County, Texas, on January 8, 1951, but the deed failed to refer to any easement. On July 27, 1951, A. L. Ingalls conveyed to plaintiff all of the land described in the Complaint, which made no reference to any easement, and said deed was filed for record in the Deed Records of Dallas County, Texas, on August 7, 1951.

11. At the time of the delivery to plaintiff of the deed from A. L. Ingalls, Kansas City Title Insurance Company issued and delivered to plaintiff its Owner's Title Policy dated August 3, 1951, in favor of plaintiff, describing the land in the Complaint, but made the title policy expressly subject to the following:

"7. Easements to Southwestern Bell Telephone Company and American Telephone and Telegraph Company.

"8. Agreement executed by Fred Buchanan, Trustee, to Southwestern Bell Telephone Company, dated April 30, 1947, recorded in Vol. 2825, page 128, Deed Records of Dallas County, Texas."

At the time plaintiff acquired such land, plaintiff received an engineer's plat of the land described in the Complaint, which plat depicted the "Southwestern Bell Telephone Co. Buried Toll Conduit" involved herein; and there was prepared for plaintiff and delivered to it under date of September 25, 1952, a surveyor's plat of the land described in Plaintiff's Complaint, which depicted a line which was labeled "S.W. Telephone Buried Toll Conduit in 1947."

12. Plaintiff has been the owner of the fee simple title to the land described in the Plaintiff's Complaint, burdened with the defendants' easement, since July 27, 1951. By letter dated August 7, 1963, plaintiff notified American Telephone and Telegraph Company that it would owe the plaintiff rent in the sum of One Thousand Dollars ($1,000.00) per day if it did not remove the conduits and lines located on the land in question, but defendants refused to be a tenant and denied that they were tenants or that they were liable for rent.

13. The defendants have occupied space across and under the land described in the Complaint with their conduit, cables, lines and other facilities beginning in 1929 to date, continuously and without interruption, and with the knowledge of plaintiff and its predecessors in title. The defendants have occupied and used such space across and under such land under a claim of right and openly, notoriously and adversely to the plaintiff and its predecessors in title for more then ten (10) years before September 24, 1963, the date on which plaintiff filed this action. Prior to the filing of this suit, plaintiff made no effort to dispossess the defendants from the occupation and use of the land.

14. Neither plaintiff nor any of its predecessors in title to the land described in the Complaint has ever sought to obtain, prior to the filing of this suit, a judicial determination with respect to the easement across such land claimed by defendants, although defendants have expended substantial sums of money in construction and installation of the conduit and the cables and lines under the land described in Plaintiff's Complaint.

15. All facts set forth in paragraph No. 4 of the Pre-trial Order entered herein on March 23, 1964, as "Facts established by pleadings or by stipulations or admissions" are found to be facts as therein stated and are adopted and made a part of these Findings of Fact.

*Conclusions of Law*

1. The Court has jurisdiction.

 2. Defendants have and own a valid and subsisting easement by grant and prescription in and upon the portion of the land described in Plaintiff's Complaint lying in what was formerly Floyd Street, for: the construction, reconstruction, maintenance, and operation of their telephone and telegraph lines, conduits, cables, equipment, and fixtures; the increase or other change in their cables, conduits, fixtures and equipment to any extent necessary or proper in the conduct of their business; and the right of entry and exit from said property for all said purposes.

█ 3. Plaintiff is estopped to deny the existence and validity of defendants' easement.

4. Defendants, being long distance telephone companies, have the right to exercise the easement rights described in paragraph 2 above of these Conclusions of Law, under Articles 1416 and 1420 of the Revised Civil Statutes of the State of Texas.

█ 5. Plaintiff's claim that defendants have no easement in and upon the land in controversy, is barred by the 10-year Statute of Limitations, Article 5510 of the Revised Civil Statutes of the State of Texas.

█ 6. Enforcement of any equitable right to cancellation or reformation of the agreement between Fred Buchanan, Trustee, and the Southwestern Bell Telephone Company, such as want or inadequacy of consideration, are barred by Article 5529 of the Revised Civil Statutes of the State of Texas, and by laches.

7. The two-story building which plaintiff planned in 1962 upon the land described in plaintiff's complaint would constitute an unreasonable interference with defendants' easement.

8. Plaintiff is not entitled to any relief removing the alleged cloud on title or for alleged rents and damages.

█ 9. The further declaratory relief sought by plaintiff calls for an advisory opinion on title creating rights and duties which the parties and their predecessors in title did not create. Such relief is inappropriate and should be denied.