Bonifacio MORON, Jr., Individually and as, Representative of the Estate of Emelia Moron, Deceased, et al., Appellant,

v.

Roger HEREDIA, M.D., Appellee.

No. 13–01–539–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

April 24, 2003.

Kelly K. McKinnis, McAllen, for appellant.

Jay Villarreal, Juliet K. Stipeche, Steven M. Gonzalez, Law Office of Steven M. Gonzalez, J., McAllen, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Chief Justice ROGELIO VALDEZ.

This is an appeal of a no evidence summary judgment rendered against the plaintiffs in a medical malpractice case. Appellants, Bonifacio Moron, Jr., individually and as independent executor of the estate of Emilia Moron, deceased, Susana Moron Martinez, Mariana Moron Martinez, Jesus Daniel Moron, Homero Reynaldo Moron, Hector Moises Moron, and Graciela Moron Garcia, brought suit against appellee, Dr. Roger Heredia, alleging that his negligent treatment of their mother resulted in her death. The trial court entered a no evidence summary judgment against appellants and in favor of Heredia, and this appeal ensued.

We affirm the judgment of the trial court.

### Factual and Procedural Background

On February 23, 2001, Heredia filed a no evidence motion for summary judgment on grounds that appellants lacked expert testimony establishing a breach of the ap-

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Texas Government Code section 74.003. TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

plicable standard of care. According to the motion, Heredia had previously moved to strike appellant's expert, Dr. Patrick McAllister, because appellants failed to produce McAllister for deposition. According to the motion for summary judgment, appellants responded to Heredia's motion to strike by filing a motion for continuance. In the motion for continuance, appellants explained that McAllister was unable to go forward with his deposition or testify at trial because he suffered from severe depression and bipolar disorder. Therefore, appellants requested a continuance to obtain a new expert witness. The trial court granted the motion for continuance, and ordered appellants to designate new experts by February 1, 2001.

According to Heredia's motion for summary judgment, the appellants failed to meet that deadline. Heredia attached the appellant's motion for continuance and the trial court's scheduling order as exhibits to his motion for summary judgment. In light of these exhibits, it is undisputed that this no evidence motion for summary judgment was filed after an adequate time for discovery. *See* TEX.R. CIV. P. 166a(i); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

Based on the foregoing, Heredia argued that appellants had no evidence that Heredia's conduct caused or contributed to the appellant's damages. Specifically, Heredia alleged that appellants had failed to produce any evidence from an expert physician that there was a duty requiring the healthcare provider to conform to a certain standard of conduct, the applicable standard of care and its breach, injuries, and a reasonably close causal connection between the breach of that standard of care and the complained of harm.

In response to Heredia's motion for summary judgment, appellants produced McAllister's original report. This report was neither verified nor accompanied by any documents pertaining to McAllister's qualifications as an expert witness. In the trial court, the defendant objected to McAllister's report on grounds that the plaintiffs had dedesignated him. Although the trial court did not expressly rule on this objection, *see* TEX.R.APP. P. 33.1(a), the trial court granted the no evidence motion for summary judgment.

*Standard of Review*

A no evidence motion for summary judgment is essentially a pretrial motion for directed verdict, and the appellate court will apply the same standard of review. *Zapata v. Children's Clinic*, 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.-San Antonio 1998, pet. denied). The appellate court reviews the evidence in the light most favorable to the party against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Whalen v. Condo. Consulting & Mgmt. Servs., Inc.*, 13 S.W.3d 444, 446 (Tex.App.-Corpus Christi 2000, pet. denied); *Sibai v. Wal–Mart Stores, Inc.*, 986 S.W.2d 702, 705 (Tex.App.-Dallas 1999, no pet.). The nonmovant need not "marshal its proof," rather, it "need only point out evidence that raises a fact issue on the challenged elements." TEX.R. CIV. P. 166a(i) cmt. When a motion for summary judgment is based on no evidence grounds, the Texas Supreme Court has ordered that:

1. the no-evidence motion can only be brought against "a claim or defense on which an adverse party would have the burden of proof at trial,"

2. "the motion must state the elements as to which there is no evidence,"

3. "the motion must be specific in challenging the evidentiary support for an element of a claim," and

4. "paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."

Tex.R. Civ. P. 166a(i), 166a(i) cmt.; *see Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 250 (Tex.App.-Corpus Christi 2001, pet. denied).

█ "The trial court may not grant a no-evidence summary judgment if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Oasis Oil Corp.*, 60 S.W.3d at 250; *Zapata*, 997 S.W.2d at 747. Evidence that is "so weak as to do no more than create a mere surmise or suspicion" of a fact is legally insufficient and constitutes no evidence. *Moore*, 981 S.W.2d at 269 (quoting *Kindred v. Con/ Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharm., Inc.*, 953 S.W.2d at 711; *Zapata*, 997 S.W.2d at 747.

### Analysis

█ The only document produced by appellants in response to appellee's motion for summary judgment was McAllister's report. This document was neither verified nor accompanied by an affidavit. As such, it did not constitute admissible evidence as required by the rules of civil procedure. *See* Tex.R. Civ. P. 166a(e) (court must grant a no evidence motion for summary judgment "unless the respondent produces summary judgment *evidence* raising a genuine issue of material fact") (emphasis added). The absence of a jurat is substantive, and not a "purely formal" defect. *Tucker v. Atl. Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.-Corpus Christi

1990, writ denied); *see Hall v. Rutherford*, 911 S.W.2d 422, 425 (Tex.App.-San Antonio 1995, writ denied). Accordingly, McAllister's report did not constitute competent summary judgment proof. *See Hall*, 911 S.W.2d at 425. Therefore, the trial court properly granted summary judgment in favor of Heredia.

█ Moreover, even if we were to consider McAllister's report as competent summary judgment evidence, the report itself fails to constitute more than a scintilla of probative evidence as required to defeat a no evidence motion for summary judgment. To raise a fact issue sufficient to defeat summary judgment in a medical malpractice action, the plaintiff's controverting expert should specifically identify the standard of care, establish the expert's familiarity with that standard, and explain why the treatment rendered by the defendant health-care provider breached the applicable standard. *Hightower v. Saxton*, 54 S.W.3d 380, 389 (Tex.App.-Waco 2001, no pet.); *Keeton v. Carrasco*, 53 S.W.3d 13, 28 (Tex.App.-San Antonio 2001, pet. denied).

McAllister's report, as the only summary judgment evidence, wholly fails to establish his familiarity with the standard of care. Although appellants cite to a different affidavit filed during another proceeding in the trial court, and claim that this other affidavit sets out McAllister's experience in family practice, this second affidavit was not produced in response to summary judgment. This second affidavit was not even incorporated by reference into the appellants' response to the motion for summary judgment. *See* Tex.R. Civ. P. 166a(d). Therefore, McAllister's report itself fails to raise a fact issue sufficient to defeat summary judgment. *See Hightower*, 54 S.W.3d at 389; *Keeton*, 53 S.W.3d at 28.

Heredia also contends that McAllister's report was incompetent summary judgment evidence because McAllister was not qualified to give an opinion regarding Heredia's conduct. McAllister's report does not address his qualifications to discuss the applicable standard of care. The objection to the failure of an expert's affidavit to disclose the expert's qualifications goes to the substance of the affidavit and may be considered by this Court. *Trusty v. Strayhorn,* 87 S.W.3d 756, 764–65, 2002 Tex.App. LEXIS 6667, *21 (Tex.App.-Texarkana 2002, no pet. h.); *Crow v. Rockett Special Util. Dist.,* 17 S.W.3d 320, 324 (Tex.App.-Waco 2000, pet. denied). Thus, McAllister's report is also deficient insofar as it fails to address McAllister's qualifications to testify. *Trusty,* 87 S.W.3d at 764–65, 2002 Tex.App. LEXIS 6667, at *21; *Crow,* 17 S.W.3d at 324.

### Conclusion

McAllister's report did not constitute competent summary judgment evidence and was substantially deficient insofar as it failed to discuss McAllister's qualifications and his familiarity with the applicable standard of care. *See* Tex.R. Civ. P. 166a(i); *Trusty,* 87 S.W.3d at 764–65, 2002 Tex.App. LEXIS 6667, at *21; *Tucker,* 787 S.W.2d at 557; *Hall,* 911 S.W.2d at 425. Thus, we conclude that appellants failed to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact. Accordingly, we affirm the summary judgment.