COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-306-CV

 

 

RESIDENTIAL DYNAMICS, LLC                                              APPELLANT

 

                                                   V.

 

GERALD LOVELESS AND                                                       APPELLEES

LYNN
LOVELESS

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Residential
Dynamics, LLC appeals the trial court=s granting of a no evidence summary judgment in favor of Appellees
Gerald Loveless and Lynn Loveless.  In
two points, Appellant contends that the trial court erred by granting summary
judgment because there was evidence supporting Appellant=s claims for breach of contract and quantum meruit relief.  We reverse and remand.








FACTUAL BACKGROUND

Appellees own a parcel of
real property located in Denton County, Texas. 
Appellees subdivided the property into separate lots and named the area
Lake Country Estates.  Appellant alleged
that Appellees entered into an agreement with Appellant, which was never
reduced to writing, for construction on one of the lots.  Appellant placed a mobile home on one of
Appellees= lots and
placed various improvements on the property. 
Appellant alleged that the agreement provided that after the
improvements were made to the property, the lot would be sold and Appellees
would receive $35,000 from the sale and Appellant would receive the remainder
from the sale. 

Appellant sued Appellees for
breach of contract, or alternatively, 
quantum meruit, common law fraud, and fraud in a real estate
transaction. Appellant alleged that it had fully performed all of its
obligations under the agreement and incurred costs for the issuance of various
necessary permits for the construction of the improvements and that Appellees
had accepted the benefit of the contract and then refused to complete it.  Appellees filed a no evidence motion for
summary judgment on all of Appellant=s claims, which the trial court granted, entering a take nothing
judgment in favor of Appellees.  This
appeal followed. 

 








SUMMARY JUDGMENT EVIDENCE 

Appellant contends that more
than a scintilla of evidence exists regarding its breach of contract and
quantum meruit claims.  The trial court
found that the alleged oral contract was not definite, certain, and clear as to
its essential terms, and was thus unenforceable.  The court also found that Appellant produced
no evidence of, among other things, any materials or services rendered by
Appellant to Appellees.  Therefore, the
trial court dismissed Appellant=s claims. 

1.  Standard of Review

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).








We review the evidence in the
light most favorable to the party against whom the no evidence summary judgment
was rendered.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 124 S. Ct.
2097 (2004); Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied). 

2.  Preservation of Error

In response to Appellees= no evidence motion for summary judgment,  Appellant attached the affidavit of Darrell
McCauley, the manager of Residential Dynamics, LLC, setting forth the elements
of its causes of action against Appellee. 
As discussed below, Appellees made several objections to the
affidavit.  Appellant contends that
Appellees did not receive a written ruling on the alleged errors in the
affidavit, and therefore, waived any complaint about the affidavit.  Furthermore, Appellant argues that the fact
that the court granted the no evidence summary judgment does not show that
there was an implicit ruling sustaining Appellees= objections.








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling, if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a); see
also Tex. R. Evid.
103(a)(1).  If a party fails to do this,
error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 
The objecting party must get a ruling from the trial court.  This ruling can be either express or
implied.  Frazier v. Yu, 987
S.W.2d 607, 610 (Tex. App.CFort Worth 1999,
pet. denied).  








The majority of the substance
of Appellees= reply to
Appellant=s response
to the no evidence motion for summary judgment consisted of Appellees= objections to the form and substance of the McCauley affidavit.  The trial court=s judgment states that Athe court considered the pleadings, motion, response, reply, and
evidence@ presented in granting the no evidence motion for summary
judgment.  Here, the only evidence
presented in response to the no evidence motion for summary judgment was the
McCauley affidavit.  Therefore, we
determine that the trial court implicitly overruled Appellees= objections to the affidavit when it granted Appellees= no evidence summary judgment motion. 
See Wrenn v. G.A.T.X. Logistics, Inc., 73 S.W.3d 489,
497-98 (Tex. App.CFort Worth
2002, no pet.) (distinguishing Frazier on the basis that the record was
completely silent as to any disposition of the objections or as to whether the
trial court considered the deposition testimony); Frazier, 987 S.W.2d at 610 (holding that the trial court implicitly sustained the defendant=s objections when it granted his motion for summary judgment, noting
that the trial court stated that it had considered all Acompetent@ summary
judgment evidence); Blum v. Julian, 977 S.W.2d 819, 823‑24 (Tex.
App.CFort Worth 1998, no pet.) (holding the trial court implicitly overruled
the plaintiff=s objections
to the defendant=s summary
judgment proof when it granted the defendant=s motion for summary judgment).[1]  Therefore, we turn to the merits of Appellees= objections to the McCauley affidavit.

 

 

 

 








3.  Jurat

Appellees first complain that
the affidavit was not competent summary judgment evidence because, although it
contained an acknowledgment, it did not contain a jurat.[2]


To constitute competent
summary judgment proof, an affidavit must be made on personal knowledge, set
forth the facts that would be admissible in evidence, and show affirmatively
that the affiant is competent to testify to the stated matters.  Tex.
R. Civ. P. 166a(f).  An affidavit
is a Astatement in writing of a fact or facts signed by the party making it,
sworn to before an officer authorized to administer oaths, and officially
certified to by the officer under his seal of office.@  Tex. Gov=t Code Ann. ' 312.011(1) (Vernon 2005).  The
jurat of an affidavit is a Acertificate by a competent officer that the writing was sworn to by
the person who signed it.@  Huckin v. Connor, 928 S.W.2d 180, 183
(Tex. App.CHouston
[14th Dist.] 1996, writ denied) (quoting Acme Brick v. Temple Assocs., Inc.,
816 S.W.2d 440, 441 (Tex. App.CWaco 1991, writ denied)). 








Appellees contend that
without a jurat, McCauley=s affidavit
is not actually an affidavit; thus, it does not constitute proper summary
judgment evidence.  They direct our attention
to several cases, which we find to be distinguishable from the present
case.  In two of the cases, the purported
affidavits were not signed by a notary.  See
Medford v. Medford, 68 S.W.3d 242, 247 (Tex. App.CFort Worth 2002, no pet.) (stating that the purported affidavit
clearly did not constitute an affidavit because it did not contain a
notarization); Clendennen v. Williams, 896 S.W.2d 257, 260 (Tex. App.CTexarkana 1995, no writ) (determining that the statement did not
constitute an affidavit because the notary=s certificate was left blank, it was not signed by a notary, and it
bore no seal).  In two other cases, the
summary judgment Aproof@ was insufficient because it was not supported by an affidavit.  See Moran v. Heredia, 133 S.W.3d 668,
671 (Tex. App.CCorpus
Christi 2003, no pet.) (concluding that a report did not constitute proper
summary judgment proof because it was neither verified nor accompanied by an
affidavit); Coastal Cement Sand, Inc. v. First Interstate Credit Alliance,
Inc., 956 S.W.2d 562, 567 (Tex. App.CHouston [14th Dist.] 1997, writ denied) (explaining that without a
notarization or jurat, an unsworn statement is not an affidavit and is not
proper summary judgment evidence).








The two final cases cited by
Appellees do not appear to be current Texas law based on the facts before
us.  See Perkins v. Crittenden,
462 S.W.2d 565, 567-68 (Tex. 1970) (holding that because the purported
affidavit contained only an acknowledgment, it was not an affidavit at all); Totman
v. Control Data Corp., 707 S.W.2d 739, 741 (Tex. App.CFort Worth 1986, no writ) (op. on reh=g) (concluding that because the purported affidavit contained no
jurat, it was not proper summary judgment evidence).  These cases were decided prior to the most
recent Texas Supreme Court case that is directly on point with the present
case.  See Ford Motor Co. v.
Leggat, 904 S.W.2d 643, 645-46 (Tex. 1995) (org. proceeding). 

In Ford Motor Co., the
supreme court rejected the argument that an affidavit was invalid due to a
defective jurat, because the affidavit met the Texas statutory requirements for
affidavits.  Id. at 645.  The supreme court noted that the affidavit
was proper, even without the jurat, because it contained an acknowledgment and
recited that the affiant Awas >first duly sworn,= and >on his oath= stated what followed.@  Id. 








In the present case, the
affidavit contained an acknowledgment and it further stated that McCauley
personally appeared before the notary, Aduly swore upon his oath, deposed and stated@ the information that followed. 
Then, in the affidavit, McCauley stated that he was authorized to make
the affidavit and that he had personal knowledge of the facts stated
therein.  We  conclude, therefore, that even without a
jurat, the affidavit constitutes proper summary judgment proof because it meets
Texas= statutory requirements for affidavits.  See id.

CONCLUSORY STATEMENTS IN THE
AFFIDAVIT

Additionally, Appellees
object to McCauley=s affidavit
on the grounds that the statements contained therein were made by a
self-interested witness and the statements were legal and factual
conclusions.  The affidavit stated the
following contentions:

1.     In July, 2003, Residential Dynamics, LLC
and Defendants discussed marketing various lots located in a larger tract of
property owned by Defendants.

 

2.     Residential Dynamics, LLC and Defendants
reached an agreement concerning adding improvements to Lot 27, Lake Country
Estates, a/k/a/ 152 Price Circle, Hackberry, Texas 75034.

 

3.     The agreement provided that Residential
Dynamics, LLC would put a manufactured home on the property and would also
perform various improvements to the property, including adding a septic system,
driveway and other concrete work, and other improvements. 

 

4.     Upon completion of the improvements, the
property was to be sold, and Defendants were to receive the first $35,000 from
such sale, said amount to pay Defendants for the cost of the lot.

 

5.     Upon the sale, any proceeds in excess of
$35,000, were to be retained by Residential Dynamics, LLC.








6.     Although the agreement was never reduced to
writing, Residential Dynamics, LLC performed its obligations under the
agreement.

 

7.     Residential Dynamics, LLC incurred expenses
in performing under the terms of the agreement. 
Specifically, Residential Dynamics, LLC has incurred damages in the
amount of $75,532.53.  This includes the
cost for the manufactured home as well as the cost for the other materials and
labor in developing the lot.

 

8.     All such improvements are still on Lot 27.

 

9.     Residential Dynamics, LLC has not yet received any compensation
for any of the improvements constructed or placed on Lot 27. 








To prove facts through an
interested witness, the testimony must be uncontroverted, clear, positive,
direct, credible, free from contradiction, and susceptible to being readily
controverted.  Tex. R. Civ. P. 166a(c).  Testimonial statements by an interested
witness that meet these requirements may be the basis for a summary
judgment.  Id.; Casso v. Brand,
776 S.W.2d 551, 558 (Tex. 1989). 
Affidavits consisting only of conclusions are, however, insufficient to
raise an issue of fact in response to a motion for summary judgment.  Brownlee v. Brownlee, 665 S.W.2d 111,
112 (Tex. 1984) (holding that a statement in an affidavit that Ahis contractual obligation had been modified@ was nothing more than a legal conclusion and the affidavit should
have gone further to specify factual matters such as the Atime, place, and exact nature of the alleged modification@).  Conclusory statements are
not credible or susceptible to being readily controverted.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 122 (Tex. 1996).  A conclusory
statement is one that does not provide the underlying facts to support the
conclusion.  Haynes v. City of
Beaumont, 35 S.W.3d 166, 178 (Tex. App.CTexarkana 2000, no pet.).

                                 1.  Breach of Contract Claim

In order to prove a breach of contract, a plaintiff must
demonstrate:  (1) the existence of a
valid contract; (2) performance or tendered performance by the plaintiff; (3)
breach of the contract by the defendant; and (4) damages sustained by the
plaintiff as a result of the breach.  Renteria
v. Trevino, 79 S.W.3d 240, 242 (Tex. App.CHouston
[14th Dist.] 2002, no pet.). 

 








The statements in the
affidavit are not entirely conclusory. 
For example, the affidavit lists the basic terms of the agreement,
states that Appellant performed its obligations, and states the amount of
expenses that Appellant incurred in performing, specifying what some of the
expenses were.  The statements provide
the basic underlying facts to support the conclusion that an agreement was
made, Appellant tendered performance and Appellees did not, and Appellant
suffered damages as a result of Appellees= failure to perform.  See De
La Morena v. Ingenieria E Maquinaria De Guadalupe, S.A., 56 S.W.2d 652, 658
(Tex. App.CWaco 2001,
no pet.) (holding that certain statements in the affidavit were not
conclusory).  Thus, the statements in the
affidavit are sufficient to raise a fact issue as to whether the parties formed
an agreement, whether the agreement was breached, and whether Appellant
sustained  damages as a result.  See Brownlee, 665 S.W.2d at 112
(holding that affidavits that merely state a legal conclusion are insufficient
to raise a fact issue).  Therefore, we
sustain Appellant=s first
point.

                                   2.  Quantum Meruit Claim








Quantum meruit is an
equitable remedy which does not arise out of a contract but is independent of
it.  Vortt Exploration Co. v. Chevron
USA, Inc., 787 S.W.2d 942, 944 (Tex. 1990). 
Generally, a party may recover under quantum meruit only when no express
contract covering the services or materials furnished exists.  Truly v. Austin, 744 S.W.2d 934, 936
(Tex. 1988).  This remedy Ais based upon the promise implied by law to pay for beneficial
services rendered and knowingly accepted.@  Campbell v. Nw. Nat=l Life Ins. Co., 573 S.W.2d 496, 498
(Tex. 1978).  Recovery in quantum meruit
is available when nonpayment for the services rendered would Aresult in an unjust enrichment to the party benefitted by the work.@  City of Ingleside v.
Stewart, 554 S.W.2d 939, 943 (Tex. Civ. App.CCorpus Christi 1977, writ ref'd n.r.e.).  To recover under quantum meruit a claimant
must prove that: (1) valuable services were rendered or materials furnished;
(2) for the person sought to be charged; (3) which services and materials were
accepted by the person sought to be charged, used and enjoyed by him; (4) under
such circumstances as reasonably notified the person sought to be charged that
the plaintiff in performing such services was expecting to be paid by the
person sought to be charged.  Vortt
Exploration Co., 787 S.W.2d at 944. 

Appellees contend that
McCauley=s affidavit is not competent summary judgment evidence supporting the
elements of Appellant=s claim for
quantum merit because the statements contained therein are conclusory.  Considering the affidavit in conjunction with
the elements required for a claim for quantum meruit, we conclude that
Appellant brought forward more than a scintilla of probative evidence that
raises a genuine issue of material fact on each element of this cause of
action. 








As to the first, second, and
third elements, the affidavit clearly raises a fact issue as to whether
valuable services were rendered and materials were furnished for the benefit of
the people to be charged, Appellees.  See
id.  The affidavit states that
Appellant performed the obligations under the agreement, which included putting
a manufactured home on the property and adding a septic system, driveway, and
other concrete work, among other improvements. 
With regard to the third element, the affidavit states that the
improvements are still on Appellees= property; therefore, a fact issue is raised as to whether the
services and materials have been accepted by Appellees, and whether Appellees
are enjoying the benefit of an improved lot. 
See id.

The final element of quantum
meruit requires that the services or property be rendered under such
circumstances as to have reasonably notified the Appellees that Appellant, in
performing such services, was expecting to be paid by Appellees.  See id.  Here, the affidavit states that Appellees and
Appellants discussed marketing various lots located on a larger tract of
property owned by Appellees.  The
affidavit further states that the parties agreed that the first improved lot
would be sold and that Appellant would retain any sale proceeds above
$35,000.  This evidence clearly raises a
fact issue about whether Appellees should have been reasonably notified that
Appellant expected to be paid by Appellees following the completion of the
improvements to the land.








These statements relating to
proof of the elements for quantum meruit are not conclusory because they
provide the underlying facts to support the conclusion, and thus, they are
susceptible to being readily controverted. 
See Haynes, 35 S.W.3d at 178. 
Therefore, we hold that the affidavit is sufficient to raise an issue of
fact regarding Appellant=s claim for
quantum meruit; therefore, the trial court improperly granted summary judgment
on this claim.  Accordingly, we sustain
Appellant=s second
point.[3]

CONCLUSION

Having sustained each of
Appellant=s two
points, we reverse the portion of the trial court=s judgment relating to Appellant=s claims for breach of contract and quantum meruit and remand those
causes of action to the trial court.

 

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

DELIVERED:  February 2, 2006











[1]We
note that our sister courts have also considered this issue.  Compare Columbia Rio Grande Reg'l Hosp. v.
Stover, 17 S.W.3d 387, 395-96 (Tex. App.CCorpus Christi 2000, no pet.)
(holding that an implied ruling on the objections to summary judgment evidence
was shown by the record, adopting reasoning of Frazier court), with
Jones v. Ray Ins. Agency, 59 S.W.3d 739, 753 (Tex. App.CCorpus
Christi 2001, pet. denied) (noting that in order to have an implicit ruling
something in the summary judgment or in the record must indicate that the trial
court ruled on objections, other than the mere granting of the summary
judgment); Rogers v. Continental Airlines, Inc., 41 S.W.3d 196, 200
(Tex. App.CHouston
[14th Dist.] 2001, no pet.) (concluding that the appellant waived his
objections to the summary judgment evidence where there was no order in the
record sustaining objections, and the order granting summary judgment did not
reflect that the trial court considered objections); Well Solutions, Inc. v.
Stafford, 32 S.W.3d 313, 317 (Tex. App.CSan Antonio 2000, no pet.)
(rejecting the reasoning in Blum and Frazier, concluding that a
trial court=s ruling
on an objection to summary judgment evidence is not implicit in its ruling on
the motion for summary judgment).





[2]The
acknowledgment, which was signed by a notary, stated as follows:  AThis instrument was
acknowledged before me on this the 21st day of April, 2005 by Darrell McCauley,
Manager of Residential Dynamics, LLC on behalf of said limited liability
company.@ 





[3]In
their briefing to this court, the parties discuss Appellees=
affirmative defense of failure to comply with the statute of frauds.  Because Appellees never moved for summary
judgment based on this affirmative defense, the issue is not properly before
us. See Tex. R. App. P.
33.1; Tex. R. Civ. P. 94; see
also Roark v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex.
1991) (holding that party must raise affirmative defenses in motion for summary
judgment).