Opinion issued February 2, 2012


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00392-CV

———————————

Michael Johnson,
Appellant

V.

Lisa Coppel, independent administrator of the
Estate of Joan J. Counts, deceased, Appellee



 



 

On
Appeal from the Probate Court No. 3

Harris
County, Texas



Trial Court Case No. 362,660-402

 



 

DISSENTING
MEMORANDUM OPINION

I respectfully dissent.  This is a suit brought by appellant, Michael
Johnson, (1) to quiet title to a condominium in a complex at 12633 Memorial
Drive in Houston, Texas; (2) to set aside the 1997 deed of trust executed by
the legal title holder of the property, Michael’s brother, Calhoun Johnson, in
favor of Joan J. Counts, whose estate is the defendant in this suit; and (3) to
set aside the foreclosure deed obtained by Counts at the foreclosure sale of
the property following Calhoun Johnson’s default on the note secured by the
property.  Michael’s holding equitable
title to the property is the basis for his having standing to bring each of his
claims.  I would hold that Michael has
failed to prove that he has equitable title. 
Accordingly, I would hold that he lacks standing to assert his claims, and
I would dismiss Michael’s claims against appellee, Lisa Coppel,
Independent Administrator of the Estate of Joan J. Counts, Deceased.

When, as here, a
party has moved for no-evidence summary judgment on the ground that no evidence
exists for one or more essential elements of a claim on which the adverse party
bears the burden of proof at trial, the burden is on the nonmovant
to produce evidence raising a genuine issue of material fact on the elements
specified in the motion.  Tex. R. Civ. P. 166a(i); Mack Trucks, Inc.
v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The trial court must grant the motion unless
the nonmovant presents more than a scintilla of
evidence raising a fact issue on each of the challenged elements.  Tex.
R. Civ. P. 166a(i); Flameout Design & Fabrication, Inc. v.
Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.).  More than a scintilla of
evidence exists when the evidence “rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions.”  Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997); Moron v.
Heredia, 133 S.W.3d 668, 671 (Tex. App.—Corpus Christi 2003, no pet.).  Evidence that is “so weak as to do no more
than create a mere surmise or suspicion” of a fact is legally insufficient and
constitutes no evidence.  Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983); Moron, 133
S.W.3d at 671. 

The contention
that a party lacks standing to assert a claim is not, however, a contention
that the party cannot prove the merits of his claim.  It is a contention that the trial court
lacked jurisdiction to consider the merits of the claim and the suit should
have been dismissed.

          “Standing
is implicit in the concept of subject matter jurisdiction,” which is never
presumed, cannot be waived, and may be raised for the first time on appeal.  Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 444–45 (Tex. 1993); Scarbrough v. Metropolitan Transit Auth. of Harris Cnty.,
326 S.W.3d 324, 331 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).  Whether the trial court has subject matter
jurisdiction is a question of law that we review de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004); Scarbrough,
326 S.W.3d at 331.  Because
standing is a component of subject matter jurisdiction, courts consider
standing under the same standard by which they review subject matter
jurisdiction generally.  Tex. Ass’n of Bus.,
852 S.W.2d at 446.  “That standard requires the pleader to allege
facts that affirmatively demonstrate the court’s jurisdiction to hear the
cause.”  Id.; Richardson
v. First Nat’l
Life Ins. Co., 419 S.W.2d 836, 839 (Tex. 1967).
 Standing focuses on who may bring an
action.  See M.D. Anderson Cancer Ctr. v. Novak, 52 S.W.3d
704, 708 (Tex. 2001).  As a
general matter, unless standing is conferred by a statute, a plaintiff must
demonstrate that he possesses an interest in the controversy distinct from the
general public such that the defendant’s actions have caused him some
particular injury.  Williams v. Lara, 52 S.W.3d 171, 178
(Tex. 2000).  Without a breach of
a legal right belonging to himself, a plaintiff has no
standing to litigate.  See Nobles v. Marcus, 533 S.W.2d 923,
927 (Tex. 1976); Robinson v. Neeley, 192 S.W.3d 904, 907 (Tex. App.—Dallas 2006, no
pet.).

          When
jurisdictional facts are challenged, as here, the courts consider relevant
evidence submitted by the parties when necessary to resolve the jurisdictional
issues raised.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Scarbrough, 326 S.W.2d at
331.  As with a summary
judgment, the court takes as true all evidence favorable to the nonmovant and indulges every reasonable inference and
resolves any doubts in the nonmovant’s favor.  Miranda,
133 S.W.3d at 228; Scarbrough, 326 S.W.3d at
331.  If the relevant evidence is
undisputed or fails to raise a fact question on the jurisdictional issue, the
court rules on the jurisdictional issue as a matter of law.  Miranda,
133 S.W.3d at 228; Scarbrough, 326 S.W.3d at
331.  

          Here,
the trial court did not dismiss Michael’s claims for lack of standing but,
instead, entered summary judgment against him on Coppel’s
no-evidence motion.  When an appellate
court is not reviewing a trial court’s order of dismissal for want of jurisdiction,
but jurisdiction is considered on appeal for the first time, the reviewing
court “must construe the petition in favor of the party, and if necessary,
review the entire record to determine if any evidence supports standing,” just
as the trial court would have had to do if jurisdiction had been challenged and
ruled on in the trial court.   Tex. Ass’n of Bus.,
852 S.W.2d at 446; see Miranda, 133
S.W.3d at 227 (stating, “if a plea to the jurisdiction challenges the existence
of jurisdictional facts, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised, as the trial court
is required to do”); see also Bland, 34 S.W.3d at 555 (confining
evidentiary review to evidence relevant to jurisdictional issue). 

As the majority acknowledges, “[i]f
Michael cannot establish that he has some claim to title on the property, then
Michael lacks standing to bring his other claims.”  Slip Op. at 7–8 (citing Bell v. Ott, 606 S.W.2d 942, 952 (Tex.
Civ. App.—Waco 1980, writ ref’d n.r.e.)
and Hollar v. Jowers,
310 S.W.2d 721, 724 (Tex. Civ. App.—Eastland 1958, writ ref’d
n.r.e.)).  To
avoid judgment as a matter of law and establish his standing to pursue his
claims in this litigation, therefore, Michael must have produced sufficient
evidence to raise a fact question as to whether he has “some claim to title on
the property.”  See Miranda, 133 S.W.3d at 228;
Scarbrough,
326 S.W.3d at 331.  The only claim
Michael asserts that might give him standing is a claim of equitable
title.  Therefore, Michael has to have
produced adequate evidence of equitable title to raise a fact question as to
whether he does, in fact, have such title and therefore has the right to assert
his claims.

“‘Equitable title’ is a right, enforceable in equity, to have
the legal title to real estate transferred to the owner of the right upon the
performance of specified conditions.”  City of Houston v. Guthrie, 332 S.W.3d
578, 588 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); accord Neeley v.
Intercity Mgmt. Corp., 623 S.W.2d 942, 950–51 (Tex. App.—Houston [1st
Dist.] 1981, no writ) (defining “equitable title” as enforceable right to have
legal title transferred to holder of equity); Pickle v. Whitaker, 224 S.W.2d 741, 745 (Tex. Civ. App.—El Paso 1949, writ ref’d) (defining equitable title as “the present right to
the legal title”).  

The only evidence Michael points to in the record in support
of his alleged equitable title interest in the property is a Special Warranty
Deed filed December 27, 1985 in the public records of Harris County, Texas,
conveying the property to Calhoun, and his own deposition testimony.  The deposition testimony states only that
Michael, who has not worked since 1991, was working as a lawyer in 1985 and
gave his brother, Calhoun, the money to buy the unit, and “[h]e purchased it,
and he put it in his name.”  Michael
testified, “Eventually I was going to get it out of his name, but it never came
to pass.”  Michael was unable to state
with certainty in his deposition how much Calhoun paid for the condo, stating
only, “I believe we paid 18,000 for it.” 
He also did not know where the transaction closed, or where it was
finalized, or where he got the money, other than, “It’s
money I had, working” as a lawyer.  He
could recall nothing else about the transaction relevant to his claim of
ownership.

I would hold that Michael’s evidence is no evidence that he
ever had a right enforceable in equity to have the legal title to the property
transferred to himself upon the performance of
specific conditions.  See Guthrie, 332
S.W.3d at 588.  Thus, I would hold
that Michael’s evidence that he holds, or has ever held, equitable title to the
property is “so weak as to do no more
than create a mere surmise or suspicion” that he ever held equitable title to
the property and is, therefore, legally insufficient and constitutes no evidence.
 See
Kindred, 650
S.W.2d at 63; Moron, 133
S.W.3d at 671.  Accordingly, Michael has
failed to establish that he has standing to assert his claims.  See Williams,
52 S.W.3d at 178; see also Guthrie, 332 S.W.3d at 588 (holding that
plaintiff lessees had not alleged that they had right to have legal title of
real property upon which their businesses were located transferred to them;
therefore, they had not shown that their leasehold interests in property constituted
“equitable title”; accordingly, they lacked standing to assert their claims and
claims were properly dismissed).

          I
would render judgment dismissing Michael’s claims for lack of subject matter
jurisdiction.  See Tex. Ass’n of Bus., 852 S.W.2d at 446.

 

 

                                                                      Evelyn
V. Keyes

                                                                      Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Keyes, J., dissenting.