RESIDENTIAL DYNAMICS v. GERALD LOVELESS AND LYNN LOVELESS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-306-CV

RESIDENTIAL DYNAMICS, LLC APPELLANT

V.

GERALD LOVELESS AND APPELLEES

LYNN LOVELESS

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Residential Dynamics, LLC appeals the trial court’s granting of a no evidence summary judgment in favor of Appellees Gerald Loveless and Lynn Loveless.  In two points, Appellant contends that the trial court erred by granting summary judgment because there was evidence supporting Appellant’s claims for breach of contract and quantum meruit relief.  We reverse and remand.

FACTUAL BACKGROUND

Appellees own a parcel of real property located in Denton County, Texas.  Appellees subdivided the property into separate lots and named the area Lake Country Estates.  Appellant alleged that Appellees entered into an agreement with Appellant, which was never reduced to writing, for construction on one of the lots.  Appellant placed a mobile home on one of Appellees’ lots and placed various improvements on the property.  Appellant alleged that the agreement provided that after the improvements were made to the property, the lot would be sold and Appellees would receive $35,000 from the sale and Appellant would receive the remainder from the sale. 

Appellant sued Appellees for breach of contract, or alternatively,  quantum meruit, common law fraud, and fraud in a real estate transaction. Appellant alleged that it had fully performed all of its obligations under the agreement and incurred costs for the issuance of various necessary permits for the construction of the improvements and that Appellees had accepted the benefit of the contract and then refused to complete it.  Appellees filed a no evidence motion for summary judgment on all of Appellant’s claims, which the trial court granted, entering a take nothing judgment in favor of Appellees.  This appeal followed. 

SUMMARY JUDGMENT EVIDENCE 

Appellant contends that more than a scintilla of evidence exists regarding its breach of contract and quantum meruit claims.  The trial court found that the alleged oral contract was not definite, certain, and clear as to its essential terms, and was thus unenforceable.  The court also found that Appellant produced no evidence of, among other things, any materials or services rendered by Appellant to Appellees.  Therefore, the trial court dismissed Appellant’s claims. 

1.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 124 S. Ct. 2097 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

2.  Preservation of Error

In response to Appellees’ no evidence motion for summary judgment,  Appellant attached the affidavit of Darrell McCauley, the manager of Residential Dynamics, LLC, setting forth the elements of its causes of action against Appellee.  As discussed below, Appellees made several objections to the affidavit.  Appellant contends that Appellees did not receive a written ruling on the alleged errors in the affidavit, and therefore, waived any complaint about the affidavit.  Furthermore, Appellant argues that the fact that the court granted the no evidence summary judgment does not show that there was an implicit ruling sustaining Appellees’ objections.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  The objecting party must get a ruling from the trial court.  This ruling can be either express or implied.  
Frazier v. Yu,
 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied).
  

The majority of the substance of Appellees’ reply to Appellant’s response to the no evidence motion for summary judgment consisted of Appellees’ objections to the form and substance of the McCauley affidavit.  The trial court’s judgment states that “the court considered the pleadings, motion, response, reply, and evidence” presented in granting the no evidence motion for summary judgment.  Here, the only evidence presented in response to the no evidence motion for summary judgment was the McCauley affidavit.  Therefore, we determine that the trial court implicitly overruled Appellees’ objections to the affidavit when it granted Appellees’ no evidence summary judgment motion.  
See
 
Wrenn v. G.A.T.X. Logistics, Inc., 
73 S.W.3d 489, 497-98 (Tex. App.—Fort Worth 2002, no pet.) (distinguishing 
Frazier
 on the basis that the record was completely silent as to any disposition of the objections or as to whether the trial court considered the deposition testimony); 
Frazier,
 987 S.W.2d at 610
 (holding that the trial court implicitly sustained the defendant’s objections when it granted his motion for summary judgment, noting that the trial court stated that it had considered all “competent” summary judgment evidence); 
Blum v. Julian
, 977 S.W.2d 819, 823-24 (Tex. App.
—Fort
 Worth 1998, no pet.) (holding the trial court implicitly overruled the plaintiff’s objections to the defendant’s summary judgment proof when it granted the defendant’s motion for summary judgment).
(footnote: 1)  Therefore, we turn to the merits of Appellees’ objections to the McCauley affidavit.

3.  Jurat

Appellees first complain that the affidavit was not competent summary judgment evidence because, although it contained an acknowledgment, it did not contain a jurat.
(footnote: 2) 

To constitute competent summary judgment proof, an affidavit must be made on personal knowledge, set forth the facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the stated matters.  
Tex. R. Civ. P.
 166a(f).  An affidavit is a “statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.”  
Tex. Gov’t Code Ann.
 § 312.011(1) (Vernon 2005).  The jurat of an affidavit is a “certificate by a competent officer that the writing was sworn to by the person who signed it.”  
Huckin v. Connor
, 928 S.W.2d 180, 183 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (quoting 
Acme Brick v. Temple Assocs., Inc.
, 816 S.W.2d 440, 441 (Tex. App.—Waco 1991, writ denied)). 

Appellees contend that without a jurat, McCauley’s affidavit is not actually an affidavit; thus, it does not constitute proper summary judgment evidence.  They direct our attention to several cases, which we find to be distinguishable from the present case.  In two of the cases, the purported affidavits were not signed by a notary.  
See
 
Medford v. Medford
, 68 S.W.3d 242, 247 (Tex. App.—Fort Worth 2002, no pet.) (stating that the purported affidavit clearly did not constitute an affidavit because it did not contain a notarization); 
Clendennen v. Williams
, 896 S.W.2d 257, 260 (Tex. App.—Texarkana 1995, no writ) (determining that the statement did not constitute an affidavit because the notary’s certificate was left blank, it was not signed by a notary, and it bore no seal).  In two other cases, the summary judgment “proof” was insufficient because it was not supported by an affidavit.  
See Moran v. Heredia
, 133 S.W.3d 668, 671 (Tex. App.—Corpus Christi 2003, no pet.) (concluding that a report did not constitute proper summary judgment proof because it was neither verified nor accompanied by an affidavit); 
Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.
, 956 S.W.2d 562, 567 (Tex. App.—Houston [14th
 Dist.] 1997, writ denied) (explaining that without a notarization or jurat, an unsworn statement is not an affidavit and is not proper summary judgment evidence).

The two final cases cited by Appellees do not appear to be current Texas law based on the facts before us.  
See
 
Perkins v. Crittenden
, 462 S.W.2d 565, 567-68 (Tex. 1970) (holding that because the purported affidavit contained only an acknowledgment, it was not an affidavit at all); 
Totman v. Control Data Corp.
, 707 S.W.2d 739, 741 (Tex. App.—Fort Worth 1986, no writ) (op. on reh’g) (concluding that because the purported affidavit contained no jurat, it was not proper summary judgment evidence).  These cases were decided prior to the most recent Texas Supreme Court case that is directly on point with the present case.  
See
 
Ford Motor Co. v. Leggat
, 904 S.W.2d 643, 645-46 (Tex. 1995) (org. proceeding). 

In 
Ford Motor Co.
, the supreme court rejected the argument that an affidavit was invalid due to a defective jurat, because the affidavit met the Texas statutory requirements for affidavits.  
Id
. at 645.  The supreme court noted that the affidavit was proper, even without the jurat, because it contained an acknowledgment and recited that the affiant “was ‘first duly sworn,’ and ‘on his oath’ stated what followed.”  
Id
. 

In the present case, the affidavit contained an acknowledgment and it further stated that McCauley personally appeared before the notary, “duly swore upon his oath, deposed and stated” the information that followed.  Then, in the affidavit, McCauley stated that he was authorized to make the affidavit and that he had personal knowledge of the facts stated therein. 
 We  conclude, therefore, that even without a jurat, the affidavit constitutes proper summary judgment proof because it meets Texas’ statutory requirements for affidavits. 
 See id.

CONCLUSORY STATEMENTS IN THE AFFIDAVIT

Additionally, Appellees object to McCauley’s affidavit on the grounds that the statements contained therein were made by a self-interested witness and the statements were legal and factual conclusions.  The affidavit stated the following contentions:

1. In July, 2003, Residential Dynamics, LLC and Defendants discussed marketing various lots located in a larger tract of property owned by Defendants.

2. Residential Dynamics, LLC and Defendants reached an agreement concerning adding improvements to Lot 27, Lake Country Estates, a/k/a/ 152 Price Circle, Hackberry, Texas 75034.

3. The agreement provided that Residential Dynamics, LLC would put a manufactured home on the property and would also perform various improvements to the property, including adding a septic system, driveway and other concrete work, and other improvements. 

4. Upon completion of the improvements, the property was to be sold, and Defendants were to receive the first $35,000 from such sale, said amount to pay Defendants for the cost of the lot.

5. Upon the sale, any proceeds in excess of $35,000, were to be retained by Residential Dynamics, LLC.

6. Although the agreement was never reduced to writing, Residential Dynamics, LLC performed its obligations under the agreement.

7. Residential Dynamics, LLC incurred expenses in performing under the terms of the agreement.  Specifically, Residential Dynamics, LLC has incurred damages in the amount of $75,532.53.  This includes the cost for the manufactured home as well as the cost for the other materials and labor in developing the lot.

8. All such improvements are still on Lot 27.

9. Residential Dynamics, LLC has not yet received any compensation for any of the improvements constructed or placed on Lot 27. 

To prove facts through an interested witness, the testimony must be uncontroverted, clear, positive, direct, credible, free from contradiction, and susceptible to being readily controverted. 
 Tex. R. Civ. P. 
166a(c).  Testimonial statements by an interested witness that meet these requirements may be the basis for a summary judgment.  
Id.
; 
Casso v. Brand
, 776 S.W.2d 551, 558 (Tex. 1989).  Affidavits consisting only of conclusions are, however, insufficient to raise an issue of fact in response to a motion for summary judgment.  
Brownlee v. Brownlee
, 665 S.W.2d 111, 112 (Tex. 1984) (holding that a statement in an affidavit that “his contractual obligation had been modified” was nothing more than a legal conclusion and the affidavit should have gone further to specify factual matters such as the “time, place, and exact nature of the alleged modification”).  Conclusory statements are not credible or susceptible to being readily controverted.  
Ryland Group, Inc. v. Hood
, 924 S.W.2d 120, 122 (Tex. 1996).  A conclusory statement is one that does not provide the underlying facts to support the conclusion.  
Haynes v. City of Beaumont
, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.).

1.  Breach of Contract Claim

In order to prove a breach of contract, a plaintiff must demonstrate:  (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  
Renteria v. Trevino
, 79 S.W.3d 240, 242 (Tex. App.—Houston [14th Dist.] 2002, no pet.). 

The statements in the affidavit are not entirely conclusory.  For example, the affidavit lists the basic terms of the agreement, states that Appellant performed its obligations, and states the amount of expenses that Appellant incurred in performing, specifying what some of the expenses were.  The statements provide the basic underlying facts to support the conclusion that an agreement was made, Appellant tendered performance and Appellees did not, and Appellant suffered damages as a result of Appellees’ failure to perform.  
See De La Morena v. Ingenieria E Maquinaria De Guadalupe, S.A.
, 56 S.W.2d 652, 658 (Tex. App.—Waco 2001, no pet.) (holding that certain statements in the affidavit were not conclusory).  Thus, the statements in the affidavit are sufficient to raise a fact issue as to whether the parties formed an agreement, whether the agreement was breached, and whether Appellant sustained  damages as a result.  
See Brownlee
, 665 S.W.2d at 112 (holding that affidavits that merely state a legal conclusion are insufficient to raise a fact issue).
  Therefore, we sustain Appellant’s first point.

2.  Quantum Meruit Claim

Quantum meruit is an equitable remedy which does not arise out of a contract but is independent of it.  
Vortt Exploration Co. v. Chevron USA, Inc.
, 787 S.W.2d 942, 944 (Tex. 1990).  Generally, a party may recover under quantum meruit only when no express contract covering the services or materials furnished exists.  
Truly v. Austin
, 744 S.W.2d 934, 936 (Tex. 1988).  This remedy “is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted.”  
Campbell v. Nw. Nat’l Life Ins. Co.
, 573 S.W.2d 496, 498 (Tex. 1978).  Recovery in quantum meruit is available when nonpayment for the services rendered would “result in an unjust enrichment to the party benefitted by the work.”  
City of Ingleside v. Stewart
, 554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.).  To recover under quantum meruit a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.  
Vortt Exploration Co.
, 787 S.W.2d at 944. 

Appellees contend that McCauley’s affidavit is not competent summary judgment evidence supporting the elements of Appellant’s claim for quantum merit because the statements contained therein are conclusory.  Considering the affidavit in conjunction with the elements required for a claim for quantum meruit, we conclude that Appellant brought forward more than a scintilla of probative evidence that raises a genuine issue of material fact on each element of this cause of action. 

As to the first, second, and third elements, the affidavit clearly raises a fact issue as to whether valuable services were rendered and materials were furnished for the benefit of the people to be charged, Appellees.  
See id. 
 The affidavit states that Appellant performed the obligations under the agreement, which included putting a manufactured home on the property and adding a septic system, driveway, and other concrete work, among other improvements.  With regard to the third element, the affidavit states that the improvements are still on Appellees’ property; therefore, a fact issue is raised as to whether the services and materials have been accepted by Appellees, and whether Appellees are enjoying the benefit of an improved lot.  
See id.

The final element of quantum meruit requires that the services or property be rendered under such circumstances as to have reasonably notified the Appellees that Appellant, in performing such services, was expecting to be paid by Appellees.  
See id.
  Here, the affidavit states that Appellees and Appellants discussed marketing various lots located on a larger tract of property owned by Appellees.  The affidavit further states that the parties agreed that the first improved lot would be sold and that Appellant would retain any sale proceeds above $35,000.  This evidence clearly raises a fact issue about whether Appellees should have been reasonably notified that Appellant expected to be paid by Appellees following the completion of the improvements to the land.

These statements relating to proof of the elements for quantum meruit are not conclusory because they provide the underlying facts to support the conclusion, and thus, they are susceptible to being readily controverted.  
See Haynes
, 35 S.W.3d at 178.  Therefore, we hold that the affidavit is sufficient to raise an issue of fact regarding Appellant’s claim for quantum meruit; therefore, the trial court improperly granted summary judgment on this claim.  Accordingly, we sustain Appellant’s second point.
(footnote: 3)
CONCLUSION

Having sustained each of Appellant’s two points, we reverse the portion of the trial court’s judgment relating to Appellant’s claims for breach of contract and quantum meruit and remand those causes of action to the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL F:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  February 2, 2006

FOOTNOTES
1:
We note that our sister courts have also considered this issue.  
Compare Columbia Rio Grande Reg'l Hosp. v. Stover
, 17 S.W.3d 387, 395-96 (Tex. App.—Corpus Christi 2000, no pet.) (holding that an implied ruling on the objections to summary judgment evidence was shown by the record, adopting reasoning of 
Frazier 
court), 
with
 
Jones v. Ray Ins. Agency
, 59 S.W.3d 739, 753 (Tex. App.—Corpus Christi 2001, pet. denied) (noting that in order to have an implicit ruling something in the summary judgment or in the record must indicate that the trial court ruled on objections, other than the mere granting of the summary judgment); 
Rogers v. Continental Airlines, Inc.
, 41 S.W.3d 196, 200 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (concluding that the appellant waived his objections to the summary judgment evidence where there was no order in the record sustaining objections, and the order granting summary judgment did not reflect that the trial court considered objections); 
Well Solutions, Inc. v. Stafford
, 32 S.W.3d 313, 317 (Tex. App.—San Antonio 2000, no pet.) (rejecting the reasoning in 
Blum 
and 
Frazier
, concluding that a trial court’s ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment).

2:
The acknowledgment, which was signed by a notary, stated as follows:  “This instrument was acknowledged before me on this the 21st day of April, 2005 by Darrell McCauley, Manager of Residential Dynamics, LLC on behalf of said limited liability company.” 

3:
In their briefing to this court, the parties discuss Appellees’ affirmative defense of failure to comply with the statute of frauds.  Because Appellees never moved for summary judgment based on this affirmative defense, the issue is not properly before us. 
See
 
Tex. R. App. P.
 33.1; 
Tex. R. Civ. P.
 94; 
see also 
Roark v. Stallworth Oil & Gas, Inc.,
 813 S.W.2d 492, 494 (Tex. 1991) (holding that party must raise affirmative defenses in motion for summary judgment).