COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-06-429-CV

 

 

CARY WILSON
AND AMERICAN                                           APPELLANTS

ENVIRONMENTAL
SPECIALTIES, INC.                                                     

 

                                                   V.

 

JERROLD ANDREWS AND
INTERCON                                      APPELLEES

ENVIRONMENTAL, INC.                                                                        

 

                                              ------------

 

           FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellants Cary Wilson and American Environmental
Specialties, Inc. (AAmerican@) appeal
the no-evidence summary judgment granted in favor of Appellees Jerrold Andrews
and Intercon Environmental, Inc. (AIntercon@).  In five issues, Appellants argue that the trial
court erred by (1) granting Appellees=
no-evidence motion on Appellants= breach
of contract claim; (2) granting Appellees=
no-evidence motion on Appellants= quantum
meruit claim; (3) granting Appellees=
no-evidence motion on Appellants=
conversion claim; (4) granting Appellees=
no-evidence motion on Appellants= claim
for attorney=s fees; and (5) disposing of
Appellants= unjust enrichment claim in the
summary judgment.  We affirm in part and
reverse and remand in part.  Because we
hold that Appellants did not assign error to all of Appellees summary judgment
grounds on the breach of contract and quantum meruit claims and that the trial
court did not err by granting summary judgment on the conversion claim or by
ruling against Appellants on their claim for attorney=s fees,
we affirm the summary judgment as to those claims.  Because we hold that the trial court erred by
granting summary judgment on the unjust enrichment claim against both
Appellees, we reverse the summary judgment on that claim and remand the claim
to the trial court.

Facts and Procedural History








The undisputed facts in this case are as
follows:  Wilson is the majority
shareholder of American, a company that engages in asbestos abatement and
removal.  American had a number of
asbestos abatement contracts and/or pricing agreements (Aasbestos
contracts@) with various
organizations.  At one time, Andrews
worked for American, but he left American to start Intercon.  Wilson, on behalf of American, transferred to
Intercon some or all of American=s
asbestos contracts.

In 2004, Appellants filed suit against
Appellees.  In the petition, Appellants
alleged that after Andrews started Intercon, the parties agreed that Wilson and
American would transfer the then-current asbestos contracts to Intercon, and in
return Wilson would receive fifty percent of the net profits resulting from the
transfer.  Appellants alleged that it was
Wilson=s
understanding that he would also receive fifty percent of the net profits from
all of Intercon=s future asbestos
contracts.  Appellants further alleged
that the value of the transferred asbestos contracts Apotentially
exceeded millions of dollars, depending upon the amount of work called for by
the respective entities@ under the asbestos
contracts.  According to the petition,
Appellees took control of vehicles, equipment, and tools owned by Appellants
but failed to and refused to tender any form of consideration or compensation
for the transferred asbestos contracts or the equipment and vehicles.  Based on these allegations, Appellants
asserted claims of breach of contract, quantum meruit, unjust enrichment,
conversion, and attorney=s fees.








In response, Appellees filed a no-evidence motion
for partial summary judgment on Appellants= breach
of contract, quantum meruit, conversion, and attorney=s fees
claims.  Appellees asserted that
Appellants could produce no evidence on each of the elements of Appellants= causes
of action.  Because Appellees had a
counterclaim against Appellants still at issue the motion sought only partial
summary judgment.  On July 13, 2006, the
trial court granted the summary judgment and ordered that Appellants Atake
nothing by way of their claims@ against
Appellees.  The trial court did not
specify the grounds for the judgment. 
The trial court=s judgment states that by
agreement, Appellees dismissed without prejudice their counterclaim against
Appellants in order to make the summary judgment final.  The trial court=s
judgment also states that ATHE
COURT FURTHER FINDS that this final summary judgment disposes of all claims for
relief by, between, and among the parties, and that this judgment is the final
disposition of this matter.@

Standard of Review








After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.[2]  The motion must specifically state the
elements for which there is no evidence.[3]  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.[4]








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.[5]
 If the nonmovant brings forward more
than a scintilla of probative evidence that raises a genuine issue of material
fact, then a no-evidence summary judgment is not proper.[6]
       Less than a scintilla of evidence
exists when the evidence is so weak that it does nothing more than create a
mere surmise or suspicion of a fact.[7]  More than a scintilla of evidence exists when
the evidence would enable reasonable and fair-minded people to reach different
conclusions.[8]  A genuine issue of material fact is raised by
presenting evidence on which a reasonable jury could return a verdict in the
nonmovant=s favor.[9]

When a trial court=s order
granting summary judgment does not specify the ground or grounds relied on for
its ruling, summary judgment will be affirmed on appeal if any of the theories
presented to the trial court and preserved for appellate review are
meritorious.[10]  When the trial court=s
judgment rests upon more than one independent ground or defense, the aggrieved
party must assign error to each ground, or the judgment will be affirmed on the
ground to which no complaint is made.[11]

Analysis

Breach of Contract








Appellants argue in their first issue that the
trial court erred by granting Appellees=
no-evidence motion on Appellants= breach
of contract claim because they provided the trial court with summary judgment
proof raising fact issues on their claim. 
Appellees= summary judgment motion alleged
that there is no evidence to show:  (1)
the existence of an enforceable contract between Appellants and Appellees; (2)
a breach of any material term of such contract, if any; and (3) that any
alleged breach caused any injury to Appellants. 
Appellees further asserted that enforcement of the alleged contract was
barred by the statute of frauds because Appellants admitted that no writing
memorializing any such contract exists. 
Finally, Appellees maintained that Appellants could not quantify any
damages associated with this claim and could not articulate such damages with
reasonable particularity, or show that any alleged breach of an agreement was
the producing cause of damages to Appellants.








On appeal, Appellants do not argue that the trial
court erred by granting summary judgment on Appellees=
assertion of the statute of frauds.  The
statute of frauds is an affirmative defense.[12]  Appellees retained the burden of conclusively
establishing all of the elements on this defense as a matter of law such that
there is no genuine issue of material fact,[13]
and thus they could not properly move for no‑evidence summary judgment on
the statute of frauds.[14]  Because Appellants do not assign error on
this issue, however, we cannot reverse the summary judgment on this ground.[15]  Because summary judgment may have been
granted on the breach of contract claim on this ground, even if improperly, we
must affirm the summary judgment on the breach of contract claim.[16]  We overrule Appellants= first
issue.

Quantum Meruit








In their second issue, Appellants assert that the
trial court erred by granting summary judgment on their claim for quantum
meruit.  A plaintiff seeking to recover
in quantum meruit under an implied promise to pay must show that (1) valuable
services or material were furnished; (2) for the defendant; (3) the services or
materials were accepted, used, and enjoyed by the defendant; and (4) the
circumstances reasonably notified the defendant that the plaintiff was
expecting to be paid by the defendant for the services or materials.[17]  Appellees= summary
judgment motion asserted that Appellants could not show any of these
elements.  Appellees further asserted
that Appellants could not quantify with reasonable particularity the value of
work or materials they claimed to have provided to Appellees or what value the
work or materials may have been to Appellees.

Appellees also claimed that Appellants could not
recover under this theory because they did not have Aclean
hands.@  They characterized Appellant=s
actions over the months leading up to the summary judgment as a Afishing
excursion@ and claimed that Appellants= actions
unnecessarily prolonged the litigation for months, Achased
by the money [Appellees] have been forced to spend in the meantime on legal
fees.@  Appellants do not complain about the summary
judgment on this ground.








The doctrine of Aclean
hands@ is
sometimes asserted as an affirmative defense to an equitable claim.[18]  As previously stated, a party may not
properly move for a no-evidence summary judgment on an affirmative defense.[19]  But because the trial court may have granted
summary judgment on this ground, albeit improperly, yet Appellants do not
assign error on this ground, we must affirm the summary judgment on Appellants= claim
for quantum meruit.[20]  We overrule Appellants= second
issue.

Conversion

In Appellants= third
issue, they contend that the trial court erred by granting summary judgment on
their conversion claim.  Appellees
alleged in their summary judgment motion that Appellants had no evidence on any
of the elements of conversion. 
Specifically, they alleged that: 
(1) Appellants could not establish that they owned or had legal
possession or entitlement to possession of the disputed property; (2)
Appellants could not show that Appellees exerted or were continuing to exert
unauthorized and wrongful assumption of the property inconsistent with the
rights of Appellees; (3) Appellants could not establish that they had demanded
the return of the property; and (4) Appellants could not establish that
Appellees refused to return the property following a demand by Appellees.








In response (and on appeal), Appellants pointed
to their summary judgment evidence, contending that Wilson=s
affidavit identified seventeen categories of items owned by either Wilson or
American that either Andrews or Intercon wrongfully took and retained
possession of.  The response, and Wilson=s
affidavit, further asserted that Wilson had made a demand upon Appellees and
that the demands were ignored.








Because Wilson is an interested witness, his
affidavit can serve as competent summary judgment evidence Aif [it]
is clear, positive and direct, otherwise credible and free from contradictions
and inconsistencies, and could have been readily controverted.@[21]  Wilson=s
affidavit states that Appellees Atook
control of vehicles, equipment and tools [Athe
equipment@] owned by either [Wilson] or
American,@ and that the equipment was Ataken
without [Wilson=s] or American=s
consent or authorization.@  [Emphasis added]  But his affidavit also specifically
incorporates by reference a document in which Wilson states that American has
sold its asbestos abatement division, Ainclusive
but limited to its contracts, equipment and accounts,@ to
Intercon.  [Emphasis added].  His affidavit also incorporates a letter to a
City of Fort Worth employee in which he states that American sold its asbestos
abatement division to Intercon, and that the sale Aconsists
of all environmental clientele, leads, prospects, proposals, contracts, equipment,
vehicles and accounts receivables as of March 5, 2004.@  [Emphasis added]  Appellants also incorporated by reference a
letter from Intercon to a city of Fort Worth employee stating that Intercon has
acquired the asbestos abatement division of American, Ainclusive
of its equipment, materials, vehicles, contracts, bids, proposals, and
new accounts receivable as of March 5, 2004.@  [Emphasis added]  These statements, incorporated into the
affidavit, directly contradict Wilson=s
statements that the equipment was taken without consent or authorization.  Thus, his affidavit is not clear and free
from contradiction and is not competent summary judgment evidence, at least on
this point.  Appellants offered no other
evidence on the matter.  Appellants
therefore produced no evidence to show that Appellees exerted or were
continuing to exert unauthorized and wrongful assumption of the equipment
inconsistent with the rights of Appellees. 
Consequently, the trial court did not err by granting summary judgment
on Appellants= conversion claim.  We overrule Appellants= third
issue.

Attorney=s Fees








In their fourth issue, Appellants allege that the
trial court erred by granting summary judgment on their claim for attorney=s
fees.  Because Appellants have not
obtained a favorable final judgment on any of their claims, we overrule this
issue.[22]

Unjust Enrichment








In their fifth issue, Appellants contend that
Appellees= motion for summary judgment did
not separately assert grounds for summary judgment on Appellants= unjust
enrichment claim, but rather addressed only Appellants= quantum
meruit claim, and thus summary judgment on the unjust enrichment claim was
improper.  Appellants=
petition alleged that Appellees were Aunjustly
enriched by receiving benefits from the [asbestos contracts], . . . for which
[Appellants] have not been paid.@  We make no comment on whether Appellants have
a valid claim for unjust enrichment separate from their quantum meruit claim,
or on whether Appellants met the pleading requirements for a claim based on
unjust enrichment sufficient to avoid special exceptions.  Rather, we merely note that Appellants did
assert such a claim as an alternative to their quantum meruit claim.  Appellees= motion
made no mention of the unjust enrichment claim. 
Summary judgment may not be granted on a cause of action not addressed
in a summary judgment motion.[23]

Appellees contend in their brief that Appellants=
petition asserted no claims against Appellee Andrews individually and thus the
summary judgment for Andrews should be affirmed in all respects.  But in the petition, Appellants stated that Aboth Andrews
and Intercon have been unjustly enriched by receiving benefits from the
[asbestos contracts] transferred [by Appellants] to Intercon, but for which
[Appellants] have not been paid.  Thus, Defendants
have been unjustly enriched.@  [Emphasis added].  Consequently, Appellants asserted an unjust
enrichment claim against both Andrews individually and Intercon that was not
addressed by the summary judgment motion. 
We sustain Appellants= fifth
issue.

Because the trial court improperly granted
summary judgment against Appellants on their unjust enrichment claim, we
reverse the summary judgment on the unjust enrichment claim against both
Andrews and Intercon and remand that claim to the trial court.

 

 








Conclusion

We reverse and remand in part and affirm in
part.  Having sustained Appellants= fifth
issue as to their unjust enrichment claim, we reverse the trial court=s
summary judgment in part and remand that claim to the trial court.  We affirm the trial court=s
summary judgment on all remaining claims.

 

 

PER CURIAM

PANEL F:    DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DELIVERED:  August 31, 2007











[1]See Tex. R. App. P.
47.4.





[2]Tex. R. Civ. P. 166a(i).





[3]Id.;
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).





[4]See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).





[5]Sudan v. Sudan,
199 S.W.3d 291, 292 (Tex. 2006).





[6]Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).





[7]Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).





[8]Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004); Merrell Dow
Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).





[9]Moore, 981
S.W.2d at 266; see also Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting Fed. R. Civ. P. 56).





[10]Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003); Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Harwell v. State Farm Mut.
Auto. Ins. Co, 896 S.W.2d 170, 173 (Tex. 1995).





[11]Scott v. Galusha, 890 S.W.2d 945, 948 (Tex. App.CFort Worth 1994, writ denied).





[12]Tex. Bus. & Com. Code
Ann. ' 26.01 (Vernon Supp. 2006); Tex. R. Civ. P. 94.





[13]See Moritz v. Bueche, 980 S.W.2d 849, 856 (Tex. App.CSan Antonio 1998, no pet.).





[14]See Thomas v. Omar Invs., Inc., 156 S.W.3d 681, 685 (Tex. App.CDallas
2005) (nunc pro tunc op.); see also Nowak v. DAS Invs., 110 S.W.3d 677,
679 (Tex. App.CHouston [14th Dist.] 2003, no pet.).





[15]See Pat Baker Co. Inc. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (noting that an
appellate court cannot reverse on Aunassigned error,@ i.e., a ground not presented in the appellate
briefs); see also Vawter v. Garvey, 786 S.W.2d 263, 264 (Tex. 1990).





[16]See King v. Tex. Employers= Ins.
Ass'n, 716 S.W.2d 181, 182‑83 (Tex. App.CFort
Worth 1986, no writ); and Humane Soc=y of Dallas v. Dallas Morning News, L.P., 180 S.W.3d 921, 923 (Tex. App.CDallas
2005, no pet.).





[17]Residential Dynamics, LLC v. Loveless, 186 S.W.3d 192, 198 (Tex. App.CFort
Worth 2006, no pet.).





[18]Adams v. First Nat=l
Bank of Bells/Savoy, 154 S.W.3d 859,
876 (Tex. App.CDallas 2005, no pet.) (AThe affirmative defense of >unclean
hands= requires that a party seeking equity must come with
clean hands.@).





[19]See Thomas,
156 S.W.3d at 685; see also Nowak, 110 S.W.3d at 679.





[20]See King,
716 S.W.2d at 182‑83; and Humane Soc=y
of Dallas, 180 S.W.3d at 923; see
also Vawter, 786 S.W.2d at 264.





[21]Tex. R. Civ. P. 166a(c); see Haynes v. City of Beaumont, 35
S.W.3d 166, 178 (Tex. App.CTexarkana 2000, no pet.); see also Residential
Dynamics, LLC, 186 S.W.3d at 198.





[22]See Green
Int=l, Inc.
v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (ATo recover attorney's fees under Section 38.001, a
party must . . . prevail on a cause of action for which attorney's fees are
recoverable@); Rocha v. Merritt, 734 S.W.2d 147, 148 (Tex.
App.CHouston [1st Dist.] 1987, no writ) (AAttorney's
fees are recoverable only if the claimant finally obtains judgment.@).





[23]Science Spectrum Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997); Chessher v.
Sw. Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983).